UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EARL BELLARD, JR.** | **CIVIL ACTION NO. 2:13-cv-3097**<br>**SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **CHARLES H. LA VERGNE** | **MAGISTRATE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Earl Bellard, Jr. filed the instant civil rights complaint on November 7, 2013.  Doc. 1.  At the time plaintiff filed this complaint he was incarcerated at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.

On November 20, 2013, this court issued a Memorandum Order [doc. 5] instructing plaintiff that he failed to either submit the $400.00 filing fee or a completed application to proceed *in forma pauperis*.  Plaintiff was given thirty (30) days to correct the deficiency.  As of this date plaintiff has not complied with the court's order.

On December 2, 2013 documentation sent to plaintiff at CCC from the clerk's office was returned to the court with the notation "Not Here."  Doc. 6.  The document was mailed to plaintiff at the last address supplied.

### LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the District Courts." *Id.* at 630-31. As previously stated, plaintiff has failed to comply with an order [doc. 5] of this court.

Further, Local Rule 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR 41.3.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 13th day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE